IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Amron International Diving Supply, Inc., a California corporation | § § § § | |
| Plaintiff | § | |
| v. | § | Civil Action No. SA12MC1189-UA |
| | § | |
| Hydrolinx Diving Communication, Inc. and Saad Sadik, a/k/a Todd Sadik a/k/ John Sadik a/k/a Dalea Estephan a/k/a Stephen Morales a/k/a Frank Jashua, an individual | § § § § § | |
| | § | |
| Defendants | § | |

**MOTION FOR LEVY OF EXECUTION AND ORDER OF SALE OF REAL PROPERTY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Amron International Diving Supply, Inc., a California corporation ("Amron") and files this Motion for Levy of Execution and Order of Sale of Real Property ("Motion") and respectfully states as follows:

**I.   BACKGROUND & PARTIES**

1.    Amron is Plaintiff; Hydrolinx Diving Communication, Inc. and Saad Sadik, a/k/a Todd Sadik a/k/ John Sadik a/k/a Dalea Estephan a/k/a Stephen Morales a/k/a Frank Jashua, an individual, are Defendants.

2.    Amron obtained a Judgment against Defendants in the United States District Court, Southern District of California (the "Judgment"). Said Judgment was registered in this Court in this case and was abstracted and recorded in the Real Property Records of Bexar County, Texas. Exhibit 1 and 2, the Judgment and recorded Abstract of Judgment. There has been a credit to the Judgment in the amount of $375,210.98. Exhibit 3, Affidavit of Debra Ritchie, President of Amron. All sums, save for that offset, remain due and owing on the Judgment.

3. Defendant Saad Sadik owns real property located in this district with the common address of 3543 Sage Meadow, San Antonio, Texas ("Property"). Saad Sadik fraudulently transferred the property to an unincorporated entity, MMR Future, Inc. Amron obtained a default judgment in Bexar County, Texas District Court, on May 8, 2013, voiding the transfer and reverting ownership back to Saad Sadik for execution by Amron ("Texas Default Judgment"). This Judgment was recorded in the real property records of Bexar County, Texas and is attached as Exhibit 4 to this Motion.

4. Amron has attempted multiple times to serve Sadik with personal demand on a Writ of Execution issued by the federal district Clerk in California. However, Sadik now appears to be avoiding service. Amron successfully served Sadik at his homestead in California when the Texas lawsuit for fraudulent conveyance was initiated on December 22, 2012. Exhibit 5, Return of Service in the Texas state case. After the Texas Default Judgment was rendered, the U.S. Marshals informed Amron that a writ of execution for a money demand must be served on Sadik personally before a writ of execution for seizure of assets may be served. Exhibit 8, procedures for service of writ of execution sent by the U.S. Marshal's service. Accordingly, as noted above, on August 16, 2013, the U.S. Marshals Service in California attempted to serve Sadik with a money demand on August 16, 2013. Exhibit 6, Return of Service for Execution to be served at Sadik's home address. The return notes that at 7:14 p.m., no one was home, and when service was attempted again at 8:10 p.m., the Marshals spoke with the neighbor, Debroah Williams, who informed the Marshal that Sadik had moved away a month before due to financial problems and left no forwarding address. *Id*.

5. The U.S. Marshals in California also attempted to serve the money demand on Sadik on August 22, 2013 at his last known work address. Exhibit 7, U.S. Marshals Return of

Service for Execution served at Esterline Palomar Products, Inc. As noted on the return, Sadik was terminated on June 1, 2013 per the H. R. Manager. *Id.*

6. Given the apparent abandonment of his California homestead, Amron contracted with Coast Appraisal, Inc. to perform an appraisal at 1515 Providence Drive, Vista, California 92081 (his former California homestead). Parts of such appraisal are attached to the declaration of Coast Appraisal, Inc. The Coast Appraisal, Inc. appraisal shows that the home has been abandoned. Exhibit 9, Declaration of Coast Appraisal, Inc. and Exhibit 9-A, attached thereto, of parts of appraisal; e.g., page 19, showing photos of abandoned property. This appraisal was performed on September 11, 2013. *Id.*

7. On October 3, 2013, Amron further conducted an investigation through a private investigator who was unable to locate any new information as to Sadik's whereabouts. This report has been marked confidential by the investigator and contains an extensive amount of personal information regarding Sadik, his family and his associates and is therefore not be submitted to the Court with this Motion. Should the Court desire to review such report, it is available and Amron requests that it be reviewed *in camera*.

8. Finally, in preparation of filing this Motion, Amron has conducted another investigation in December 2013, which has further shown two addresses for Sadik: 1515 Providence Drive, Vista, CA 92081 and 500 S. Rancho Sante Fe Road, Apartment 117, San Marcos, CA 92078. See Exhibit 10, Declaration in Support of Motion for Levy of Execution and Order of Sale of Real Property. Amron will attempt to serve this Motion to Sadik at the 500 S. Rancho Sante Fe Road, Apartment 117, San Marcos, CA 92078 and will forward this Motion via Certified Mail Return Receipt Requested to his last known address at 1515 Providence Drive, Vista, CA 92081 and 500 S. Rancho Sante Fe Road, Apartment 117, San Marcos, CA 92078.

Amron will file a report with the Court regarding the results of such personal service and, if available, return mail, if any.

## II.   ARGUMENT & AUTHORITIES

### A. Fraudulent Conveyance

9.   On or about October 5, 2009, Sadik became the owner of certain real property legally described as:

> LOT 28, BLOCK 42, NEW CITY BLOCK 18279, FOSTER MEADOWS SUBDIVISION, UNIT 14-B, A MANUFACTURED HOME SUBDIVISION, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 9556, PAGE 76, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS.

commonly known as 3543 Sage Meadow, San Antonio, Texas 78222 (the "Property").

10.   The Property was later fraudulently conveyed by Sadik to a non-existent corporation, MMR Future, Inc. See Exhibit 4, Texas Default Judgment. After suit in the 407th Judicial District Court of Bexar County, under Cause No. 2012-CI-18789, the State Court found that the Property had been fraudulently conveyed and that the Property was adjudged to belong to Saad J. Sadik, judgment debtor of the judgment entered by the California Federal District Court, and registered in this Court, as described above. See Exhibit 4 Texas Default Judgment. The Court also enjoined any further disposition of the Property until such time as Amron may levy execution. See Exhibit 4 Texas Default Judgment, Paragraph 4. The Texas Default Judgment was recorded in the Bexar County Real Property Records, and serves as both a voidance of the fraudulent conveyance and as an injunction from further disposition.

### B. Attempts to make money demand

11.   The U.S. Marshal's office for the Western District of Texas has indicated that a writ of execution for a Money Demand must be made prior to the levy of a writ of execution for seizure of assets, including seizure of real property. Exhibit 8, email setting out the U.S.

Marshal's procedures for sale of property.  Defendant Sadik has exempt property in the State of Texas that may be executed upon to satisfy the Judgment, including the Property as described above.  See Exhibit 1, Judgment.  As a result, Amron has attempted to make the money demand by personal service on Defendant Sadik, but has been unsuccessful.  See Exhibit 6 and 7, U.S. Marshal's Returns dated August 16, 2013 and August 22, 2013 showing results of attempts of service.

12. In particular, and as described above, Amron has attempted to personally serve Sadik with money demand through the U.S. Marshal, but Sadik appears to have intentionally avoided all service by Amron.  He has abandoned his homestead in California and left no forwarding address or any means by which Amron may effectively serve Sadik.  See Exhibit 6, U.S. Marshal's return dated August 16, 2013.  Sadik appears to be actively precluding any effective service of process by Amron.  Therefore, to confirm that Sadik is not also absent from Texas, Amron will also attempt to serve this Motion by personal service at the Property.  Amron will file a return or affidavit of attempted service with this Court once the attempted service has been completed.  Amron is also serving this Motion by Certified Mail Return Receipt Requested to Sadik's last known address (which appears to have been abandoned).  Exhibit 9, Declaration of Coast Appraisal, Inc., and Exhibit attached thereto.  Finally, Amron will also attempt service by certified mail return receipt requested and personal service to 500 S. Rancho Sante Fe Road, Apartment 117, San Marcos, CA 82078.

13. Under these circumstances, as it appears that Sadik is actively avoiding any service, any attempts to give notice of this proceeding may prove futile.  Plaintiff respectfully requests that this Court allow for the levy of a writ of execution for seizure of property to be issued and executed by the U.S. Marshals without a demand for payment being personally served on Sadik.

**C. Request for Levy of Execution and Order of Sale of Real Property**

14. Amron has a valid and subsisting Judgment against Sadik. Exhibit 3, Declaration of Debra Ritchie, President of Amron. This Judgment has been recorded in the real property records of Bexar County, Texas, and the Abstract of Judgment acts as a lien on all non-exempt real property of Sadik. Exhibit 2, Recorded Abstract of Judgment; Tex. Prop. Code § 52.001. Therefore, Amron seeks execution of the Judgment lien on the Property and an Order of Sale, in accordance with the laws of the State of Texas and Federal Rule of Civil Procedure 69, directing the U.S. Marshals to execute on the Property and sell the Property at public auction under 28 U.S.C. §§ 2001(a) and 2002. *See* Fed. R. Civ. P. 69 (which provides in pertinent part that "the procedure on execution . . . must accord with the procedure of the state where the court is located . . . .") As allowed by §§ 2001(a) and 2002, Amron requests that this Court allow for the sale of the Property as follows:

   a. The Clerk of the U.S. District Court for the Western District of Texas shall issue a writ of execution of which two certified copies shall be provided to the U.S. Marshals office with a copy of the form USM-285;

   b. Amron shall obtain a title report that is certified within 30 days of the proposed sale and provide a list of lienholders on the property to the U.S. Marshals who shall then forward the Notice of Levy and Notice of Sale to any such lienholder identified;

   c. Amron shall deposit with the U.S. Marshal an amount to satisfy an estimate for the services to be provided in conjunction with execution of the writ and for the sale of the Property;

   d. Amron shall indemnify the U.S. Marshal as required by the U.S. Marshal for the sale of the Property;

   e. Amron shall perform an appraisal of the Property within 30 days of seizure by the U.S. Marshals and provide a copy of the same to the U.S. Marshal;

   f. Amron shall prepare a Notice of Levy and a Notice of Sale and as applicable, coordinate with the U.S. Marshals for the mailing of same;

   g. Amron shall post such Notice of Levy and Notice of Sale in the designated area for public auctions of real property in Bexar County, Texas, in accordance with Texas Law;

    h. The U.S. Marshals shall arrange for advertisement in a newspaper of general circulation of Bexar County, Texas to be included in the newspaper once per week for four consecutive weeks;

    i. The U.S. Marshal shall sell the Property to the highest bidder at public auction accepting payment in only cash or certified funds on the first Tuesday of the month at the area designated by the Bexar County Commissioner for public sales of real Property;

    j. The U.S. Marshal shall keep a record of the bidders at the sale and provide a copy of such record to Amron; and

    k. The U.S. Marshals shall tender funds received at the sale payable to Cersonsky, Rosen & Garcia, P.C. IOLTA and return the writ to this Court with the results of such execution in accordance with Federal Law.

### III.   CONCLUSION

15. Because Sadik is actively avoiding service, the relief sought in this Motion in the form of an Order for Levy of Execution and Order of Sale of the Property, including that the U.S. Marshals be directed to effectuate the same in accordance with the laws of the State of Texas and Federal Rule of Civil Procedure 69 and 28 U.S.C. § 2001(a), is proper.

### IV.   PRAYER

For these reasons, Amron requests that the Court grant an order for a levy of execution and sale of the Property, and for such other and further relief to which Amron may be justly entitled.

                                            Respectfully submitted,

                              By:      /s/ M. H. Cersonsky
                                    *by permission /s/ Rachel R. Rosen*
                                  M. H. Cersonsky, SBN 04048500
                                  Email: mhcersonsky@law-crg.com
                                  *Lead Attorney*

                                  Rachel R. Rosen, SBN 17264400
                                  Email: r3rosen@law-crg.com
                                  Jacquelyn D. McAnelly, SBN 24078954
                                  Email: jmcanelly@law-crg.com
                                  1770 St. James Place, Suite 150
                                  Houston, Texas 77056
                                  (713) 600-8500 /Fax (713) 600-8585

OF COUNSEL:                         **ATTORNEYS FOR PLAINTIFF,**
**CERSONSKY, ROSEN & GARCIA, P.C.**   **AMRON INTERNATIONAL DIVING SUPPLY, INC., a California corporation**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this Monday, February 10, 2014, a true and correct copy of the above and foregoing was served to opposing counsel of record, as indicated below:

*Via Regular First Class Mail and*
*Certified Mail Return Receipt Requested:*
*7011 2000 0002 0978 1716*
Saad J. Sadik
1515 Providence Dr.
Vista, CA 92081

*Via Personal Service; and*
*Via Regular First Class Mail and*
*Certified Mail Return Receipt Requested:*
*7011 2000 0002 0978 1877*
Saad J. Sadik
3543 Sage Meadow,
San Antonio, Texas 78222

*Via Personal Service; and*
*Via Regular First Class Mail and*
*Certified Mail Return Receipt Requested:*
*7011 2000 0002 0978 1860*
Saad J. Sadik
500 S. Rancho Sante Fe Road, Apartment 117
San Marcos, CA 92078

                  /s/ Rachel R. Rosen
                  Rachel R. Rosen